U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

FEB 2 1 2018

TONY R. MOORE, CLERK
BY _____
         DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO.: 6:18-cr-00034 |
| | * | 18 U.S.C. § 242 |
| | * | JUDGE DRELL |
| VERSUS | * | MAGISTRATE JUDGE WHITEHURST |
| | * | |
| | * | |
| DAVID PREJEAN | * | |

## STIPULATION IN SUPPORT OF GUILTY PLEA

The UNITED STATES OF AMERICA, through the undersigned attorneys, and the Defendant, DAVID PREJEAN, represented by his undersigned counsel, Joshua Guillory, agree that the following statement of facts is true and that the government could prove these facts beyond a reasonable doubt at trial:

The Defendant admits that, while acting under color of law, he willfully deprived M.R., a pre-trial detainee, of the right not to be deprived of liberty without due process of law, which includes the right to be free from the use of excessive force amounting to punishment by a law enforcement officer, in violation of Title 18, United States Code, Section 242.

1

The Defendant was employed by the Iberia Parish Sheriff's Office (IPSO) from approximately 2010 until 2015, and served as a K-9 sergeant on the IMPACT unit in December 2012.

On December 6, 2012, the Defendant was called to the Iberia Parish Jail (IPJ) to assist with a shakedown. Prior to the shakedown, the Defendant stood in the parking lot of the IPJ with a senior IPSO official, and other IPSO supervisors and officers. The senior IPSO official directed the officers not to put up with anything from the inmates, and that if an inmate looked at them funny, or said something out of line, the officers should "handle" the inmates. Based on prior conversations with the senior IPSO official, and prior experience, the Defendant was prepared to use force to teach the inmates a lesson.

The Defendant entered the jail with his K-9 unit and was assigned to monitor the inmates on a rec yard of the jail while the inmates waited to get haircuts. When the Defendant entered the rec yard, the inmates were lined up against the wall, with their hands behind their heads, elbow to elbow, with their foreheads against the wall. The Defendant told an inmate, M.R., not to look at him or move, and to shut up, or else force would be used. When M.R. turned to look at the Defendant and made a comment, the Defendant became enraged and approached the inmate with his K-9. The Defendant

threw M.R. to the ground, and told him to roll on his stomach; M.R. complied. While M.R. was lying on his stomach, with his hands behind his head, the Defendant commanded his K-9 to bite M.R., despite the fact that M.R. had complied with the Defendant's commands and was not a threat to the Defendant, his K-9, or anyone else on the rec yard. The Defendant allowed his K-9 to bite M.R. for several seconds, and then struck M.R. with a closed fist in his upper body and delivered a knee strike to his side, because the Defendant was angry at M.R. for having turned to look at him. At the time the Defendant ordered the K-9 to bite M.R., and at the time the Defendant struck M.R., he knew that his use of force was unnecessary and was contrary to his use of force training and to the IPSO use of force policy. The Defendant's unlawful use of force on M.R. resulted in injury to M.R.

Following the unlawful use of force, the Defendant wrote a false report designed to cover-up his unjustified use of force.

Both the United States and the Defendant do hereby stipulate and agree that the above facts are true, and that they set forth a sufficient factual basis for the crime to which the Defendant is pleading guilty. Both the United States and the Defendant also agree that this factual basis does not contain all of the relevant information known to the Defendant. This is a

sufficient factual basis, but it is not an exhaustive statement by the Defendant.

READ AND APPROVED this day 21 of SEPTEMBER, 2017.

_____
DAVID PREJEAN
Defendant

_____
JOSHUA GUILLORY
Attorney for Defendant

_____
MARY MUDRICK
Assistant United States Attorney

_____
TONA BOYD
Trial Attorney, Civil Rights Division Criminal Section